**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **RONALD L. PERRINE, II, ET AL.** | : | |
| | : | |
| **Plaintiffs,** | : | **Case No.: 2-15-cv-559** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **RALPH BECKER, ET AL.** | : | **Magistrate Judge Kemp** |
| | : | |
| **Defendants.** | : | |

---

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

---

The parties, by their respective counsel, hereby agree to this Stipulation of Confidentiality and Protective Order (this "Order"). To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, and ensure that protection is afforded only to material entitled to such treatment, the parties agree as follows:

I. **DEFINITIONS**

A. "Confidential Information" is defined herein as a trade secret or other confidential research, evaluation, development or commercial information or material, or material that solely involves other parties, the disclosure of which is likely to prejudice the right of one or more parties or non-parties hereto, including information concerning proprietary research and development; business and marketing strategy; regulatory compliance and communication; financial results and projections; employee records; company policies and procedures; and similar documentation which is designated as "Confidential" by the Producing Party (or, in the case of medical records by the party securing the records), whether it be a Document, information contained in a Document, information revealed

during a deposition, information revealed in an interrogatory answer, etc. In construing the scope of what constitutes "Confidential Information" as defined herein, reference is to be made to applicable case law regarding confidential or protected material.

B.　　"Stamped Confidential Document" means any Document which bears the mark "CONFIDENTIAL"– or which shall otherwise have had the mark recorded on it in a way that brings its attention to a reasonable examiner – to signify that it contains Confidential Information subject to protection under any this Order.

C.　　"Document" means all written, recorded, or graphic material, whether produced or created by a party or another person, and whether produced pursuant to subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain Confidential Information may be accorded status as a Stamped Confidential Document, but, to the extent feasible, shall be prepared in such a manner that the Confidential Information is bound separately from that not entitled to protection.

D.　　"Producing Party" means the party that produced the Confidential Information.

## II.　NON-DISCLOSURE OF DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION

A.　　Except with the prior written consent of the Producing Party, or as provided in this Order, Confidential Information and Stamped Confidential Documents may not be disclosed to any person.

B.　　A Producing Party may, in its discretion, disclose its Confidential Information and/or designated Stamped Confidential Documents to any person.

C.　　Confidential Information and Stamped Confidential Documents may be disclosed to:

(1)     The parties, including all employees, agents, third party administrators, insurers and investigators, as well as counsel of record for the parties in this action, including the partners, associates, "contract attorneys," secretaries, paralegal assistants, and employees of such counsel, to the extent reasonably necessary to render professional services in the litigation.

(2)     Judges, court reporters, court personnel, or videographers present at trial, hearings, arguments, or depositions held in this matter.

(3)     Other persons who may be designated by written consent of the Producing Party or pursuant to a court order.

D.     Subject to sub-paragraph E, Confidential Information and Stamped Confidential Documents may also be disclosed to:

(1)     Persons noticed for depositions or designated as trial witnesses, to the extent reasonably necessary to prepare such persons to testify;

(2)     Consultants or experts retained for the purpose of assisting counsel of record in this action; and

(3)     Third-party contractors retained for the purpose of organizing, filing, coding, converting, storing, or retrieving data or designing database programs for handling Documents.

E.     Before disclosing Confidential Information or Stamped Confidential Documents to any person pursuant to paragraph D, the party proposing such disclosure shall show a copy of this Order to such person, and he/she shall sign the Undertaking attached as Exhibit 1.

F.     Before disclosing Confidential Information or Stamped Confidential Documents pursuant to paragraph D to any person who is a competitor (or an employee of a competitor) of the

Producing Party, the party proposing to make such disclosure shall give at least twenty-one (21) days advance notice in writing, which shall identify the person(s) to whom the disclosure will be made and a detailed explanation of why disclosure to such person(s) is necessary, to counsel for the Producing Party.  If, within fourteen (14) days, after receiving advanced notice, the Producing Party objects in writing to the proposed disclosure, disclosure, shall not be made until the parties have resolved the matter or the court has ruled on it.

G.    A recipient of Confidential Information and/or Stamped Confidential Documents shall exercise due care to restrict access to those persons described in II(C)(1).  Any summary, copy of, or excerpt from a Stamped Confidential Document shall be subject to this Order to the same extent as the Stamped Confidential Document itself, and must be labeled as Confidential.  A recipient shall not duplicate any Stamped Confidential Document or excerpt therefrom except for use as working copies and for filing in court.

## III.    DECLASSIFICATION OF STAMPED CONFIDENTIAL DOCUMENT

A party may challenge, by motion, the propriety of a confidential designation at any time within 90 days of the production of the Confidential Information and/or Stamped Confidential Document.  If a Document is declassified either by agreement of the parties or by a court order, the terms of this Order will no longer apply to future handling or production or dissemination of declassified Documents.

## IV.    CONFIDENTIAL INFORMATION IN DEPOSITIONS

A.    A deponent, other than a current employee of the Producing Party, shall be shown a copy of this Order and shall be asked to sign the undertaking attached as Exhibit 1 before being shown or examined about Confidential Information and/or Stamped Confidential

Documents, except that any deponent may be shown and examined about Stamped Confidential Documents or other Documents without being shown this Order and being asked to sign the undertaking if the Document reflects that the deponent was the author or recipient.  Regardless of whether a deponent signs the undertaking, this Order shall apply to any deponent who is shown or examined about Confidential Information and/or Stamped Confidential Documents.

B.      Parties and deponents, may, within 45 days after receiving the deposition transcript from the court reporter, designate pages of the transcript (and exhibits thereto) as confidential by underlining or otherwise designating the portions of the pages that are confidential. The parties and the court reporter shall thereafter mark such pages in all copies of the transcript with the following legend, "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER."   Upon expiration of the 45-day period, the entire deposition will be treated as subject to this Order.  If the deposition transcript is filed and a timely designation made, the confidential portions and exhibits shall be filed under seal in accordance with the procedures set forth in Southern District of Ohio Local Rule 79.3(a).

## V.      SUBPOENA FOR STAMPED CONFIDENTIAL DOCUMENTS

If Stamped Confidential Documents or other Documents containing Confidential Information are subpoenaed by any person, court, administrative or legislative body, the party to whom the subpoena is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such Documents or information until twenty-one (21) days after giving counsel for the Producing Party notice in writing of the subpoena, accompanied by a copy of the subpoena.  If the Producing Party objects to the subpoena, the party to whom the subpoena is

directed agrees not to produce Documents in response to it until the resolution of the objection by the appropriate court.

## VI.    FILING AND USE OF STAMPED CONFIDENTIAL DOCUMENTS FOR PRETRIAL PURPOSES

A.    A party wishing to file Stamped Confidential Documents must follow the procedures set forth in Southern District of Ohio Local Rule 79.3(a) to file a Motion with the Court seeking to file the Confidential Documents under seal.  Once filed under seal pursuant to the Court's Order, the documents shall remain sealed in the Clerk's office so long as they retain their status as Stamped Confidential Documents, unless otherwise ordered by the Court.

B.    To the extent that any party wishes to use Stamped Confidential Documents during a hearing in this action, such party agrees to notify the Producing Party and the court at least fourteen (14) days in advance of the hearing so that the hearing can be conducting *in camera*, and agrees to submit any Stamped Confidential Documents to the court for its *in camera* inspection.   In the event that, during any hearing in which a party submits Stamped Confidential Documents, the court cannot ensure the continued confidentiality of such information, or any party or person objects to the procedures set forth in this paragraph, the parties agree to submit a joint, unopposed Motion seeking a Court Order to have the documents filed under seal pursuant to the procedures set forth in Southern District of Ohio Local Rule 79.3(a).   Any transcript of an *in camera* hearing shall be treated as confidential pursuant to this Order.

## VII.    USE OF CONFIDENTIAL INFORMATION AT TRIAL

Use of Confidential Information and/or Stamped Confidential Documents at trial shall be determined by subsequent agreement of the parties or an order of court.

## VIII.   PROPER USE OF CONFIDENTIAL INFORMATION

Persons obtaining access to Confidential Information and/or Stamped Confidential Documents pursuant to this Order shall use the information for preparation and trial of this litigation only – including appeals and retrials – and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings. Should any Person wish to attach a Stamped Confidential Document to a Pleading or any like document to be filed of record or served in this case, it must first be brought to the attention of the court that the documents must be filed under seal pursuant to the procedures set forth in Southern District of Ohio Local Rule 79.3(a).

## IX.   NON-TERMINATION

The provisions of this Order shall not terminate at the conclusion of this action. Within 120 days after final conclusion of all aspects of this litigation, all Documents, including Stamped Confidential Documents, and all copies of same (other than exhibits of record), shall be returned to the party or person which produced such documents or, at the option of the Producing Party, destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Producing party not more than 150 days after final termination of this litigation.

## X.   MODIFICATION PERMITTED

Nothing in this Order shall prevent any party or other person from objecting to discovery that it believes to be otherwise improper or from seeking modification of this Order, including further provisions for categories of Documents requiring heightened protection.

## XI.   INADVERTENT DISCLOSURE

A.  Any inadvertent disclosure of confidential, proprietary, or privileged material will not be construed as a waiver, in whole or in part, of (1) the Producing Party's claims of confidentiality or privilege either as to the specific information inadvertently or unintentionally disclosed or more generally as to the subject matter of the information disclosed, or (2) the party's right to designate the material as confidential pursuant to this Order.  A written representation by counsel for the Producing Party that the disclosure was inadvertent shall be deemed prima facie evidence of that fact.

B.  The Producing Party shall promptly notify the other party of an inadvertent disclosure following discovery of the inadvertent production, and that other party (i) shall in the case of a privileged Document, return the inadvertently disclosed Document forthwith, as well as any and all copies; or (ii) in the case of a confidential, proprietary Document, shall mark it and all copies, "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER."  In the event that the other party cannot comply with these requirements – because, for example, the inadvertently produced Document has been given to a third party – the other party shall provide the Producing Party with the name, address, and telephone number of such person(s) as well as the date of and reason for the transmission of the Document.

C.  Notice of inadvertent disclosure shall apply to all copies of the Document inadvertently disclosed including Documents inadvertently produced in cases other than Civil Action No. 2014CV1084 (such that inadvertent disclosure of a confidential or privileged Document in another jurisdiction shall not constitute a waiver of privilege under this Order).

**IT IS SO ORDERED.**

<u>/s/ Terence P. Kemp</u>
**TERENCE P. KEMP, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**

**STIPULATED AND AGREED TO BY:**

/s/ Blair L. Magaziner
R. David McGlade  (0044057)
Blair L. Magaziner (0003536)
Magaziner, McGlade & Russo, LLC
44 S. 6th St., P.O. Box 970
Zanesville, OH  43702-0970
Phone:  (740) 452-8431
Fax:  (740) 452-8295

*Attorneys for Plaintiffs*
*Ronald L. Perrine, II and*
*Veronica Christman*

/s/ Angelyne E. Lisinski
William D. Kloss, Jr. (0040854)
Martha Brewer Motley (0083788)
Angelyne E. Lisinski (0089699)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH  43216-1008
Phone: (614) 464-6360
Fax: (614) 719-4807
wdklossjr@vorys.com
mbmotley@vorys.com

*Attorneys for Defendants FedEx Ground*
*Package System, Inc. and Ronald Becker*

## EXHIBIT 1

---

## UNDERTAKING PURSUANT TO CONFIDENTIALITY ORDER

---

STATE OF _____   )
                               ) SS
COUNTY OF _____    )

I, _____, the undersigned, declare and say:

      1.     I am _____.  I am employed by _____ as _____.  My business address is _____; telephone number _____.

      2.     I have read and understand the Stipulation of Confidentiality and Protective Order (the "Order").

      3.     I understand that I may be receiving Confidential Information and/or Stamped Confidential Documents, as defined in the Order, and by executing this Undertaking I agree to be bound by all the provisions of the Order.  I agree not to disclose Confidential Information or Stamped Confidential Documents to any person not entitled to receive it and agree not to use such information except in connection with this litigation.

      4     I am informed and understand, and therefore acknowledge, that I may be subject to contempt of court or any other penalties authorized by law or statute if I fail to comply with each of the provisions of the Order.

      5.     I consent to and accept, generally and unconditionally, the jurisdiction of the State of Ohio, in the matter entitled Perrine v. FedEx Ground Package Sys., Inc. et al., No. 2014CV1084, for the enforcement of the provisions of the Order.

      I declare under penalties of perjury that the foregoing is true and correct.

      Executed on _____ at _____.

_____
Declarant

Subscribed and sworn to before me this
_____ day of _____, 201__.

_____
Notary Public                                        My Commission Expires:  _____

3/23/2015 21406081